Richard S. Heller, J.
Claimant herein was seriously injured when his car skidded off Route 97 about one mile north of the Village of Long Eddy as he was proceeding downgrade in a *650 southerly direction. He had left his home near Hancock to go to New York City and was accompanied by his sister-in-law who was killed in the accident for which claimant seeks damages.
The road was slippery in spots as claimant proceeded on his journey. As he reached this hill with a 5% grade he started to slow down. The hill was slippery and covered with a veneer of ice. The car went out of control and after striking some guardrails on the right it veered to the left side of the highway and down into a creek at the base of the hill.
There can be no doubt that the hill was a sheet of ice at the time of the accident at 12 o’clock noon. Yet one of the claimant’s own witnesses who lives on the hill testified that he left his house at 10:30 a.m., drove down the hill and returned at 11:00 a.m. and drove up the hill and that at both times the road was free of ice.
Whatever happened in the hour between 11:00 a.m. and noon can only be explained by a sharp drop in the temperature which made a moist road into an icy pavement.
Claimant had driven this road almost every week end since 1951 and was familiar with the hill.
There was evidence that the hill was in a cut and that the road was so heavily shaded it kept the sunlight from drying off the highway, leaving a slippery condition. Against this is a record ■ that in 14 years there had been no accidents due to ice on the hill.
It is the opinion of the court that the claimant has failed to establish any negligence against the State for which it is chargeable. Surely the State had no notice of this unusual condition until after the accident.
The motion for dismissal made by the Attorney-General at the close of claimant’s case is granted and the claim is dismissed. The foregoing constitutes the written and signed decision of the court upon which judgment may be entered.